## MIAMI-DADE COUNTY CLERK OF THE COURTS
### HARVEY RUVIN

Contact Us      My Account      

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK TO SEARCH

| JOSE ANTONIO JR. SOSA VS GTI INDUSTRIES, INC. | | | |
|---|---|---|---|
| Local Case Number: | 2020-005568-CA-01 | Filing Date: | 03/09/2020 |
| State Case Number: | 132020CA005568000001 | Judicial Section: | CA25 |
| Consolidated Case No.: | N/A | Case Type: | Discrimination - Employment or Other |
| Case Status: | OPEN | | |

### 👥 Parties
Total Of Parties: 2  ▬

↪ EXPORT TO CSV

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Sosa, Jose Antonio Jr. | B#:  (Bar Number)165580 N:  (Attorney Name)Jason S Remer | |
| Defendant | GTI Industries, Inc. | | |

### 🔧 Hearing Details
Total Of Hearings: 0  ▬

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

### 🔊 Dockets
Total Of Dockets: 7  ▬

↪ EXPORT TO CSV

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 03/24/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 03/24/2020 | | ESummons 20 Day Issued | Event | Parties: GTI Industries Inc. |
| | 5 | 03/19/2020 | | Receipt: | Event | **RECEIPT#:2590004 AMT PAID:$10.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEI** |

Composite Exhibit A

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 4 | 03/18/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 03/11/2020 | | Receipt: | Event | RECEIPT#:3590182 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RE |
| 📄 | 2 | 03/09/2020 | | Complaint | Event | |
| 📄 | 1 | 03/09/2020 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK TO SEARCH

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

HAVE FEEDBACK?

## General

Online Case Home        Civil / Family Courts Information        Login

## Help and Support

Clerk's Home        Privacy Statement        ADA Notice        Disclaimer        Contact Us

About Us



**HARVEY RUVIN**

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2020 Clerk of the Courts. All rights reserved.



Composite Exhibit A

Case 4:20-cv-21784-KMM Document 1-2 Entered on FLSD Docket 04/30/2020 Page 3 of 15

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.     **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Jose Antonio Jr. Sosa</u>
 Plaintiff
      vs.
<u>GTI Industries, Inc.</u>
Defendant

II.     **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>350,000</u>

III.     **TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☐ Negligence – other | ☐ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☒ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☐ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

Composite Exhibit A

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.   **REMEDIES SOUGHT** (check all that apply):
   ☒ Monetary;
   ☒ Non-monetary declaratory or injunctive relief;
   ☒ Punitive

V.   **NUMBER OF CAUSES OF ACTION:**
      (Specify)

      <u>2</u>

VI.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ Yes
   ☒ No

VII.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ No
   ☐ Yes – If "yes" list all related cases by name, case number and court:

VIII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ Yes
   ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Jason S Remer</u>
                  Attorney or party
FL Bar No.:  <u>165580</u>
                  (Bar number, if attorney)
                  <u>Jason S Remer</u>
                  (Type or print name)
      Date:  <u>03/09/2020</u>

Composite Exhibit A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO: _____

JOSE ANTONIO JR SOSA,

     Plaintiff,

v.

Florida Profit Corporation
GTI INDUSTRIES, INC.

     Defendant.

_____/

## COMPLAINT

    COMES NOW, the Plaintiff, JOSE ANTONIO JR SOSA, (hereinafter "Plaintiff"), on behalf of himself, by and through undersigned counsel, who files this Complaint against Defendant, GTI INDUSTRIES, INC, ("Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

Composite Exhibit A

4. Defendant, GTI INDUSTRIES, INC, having a place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

6. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages May 2015 to on or about July 2018, as a non-exempt employee.

7. Throughout Plaintiff's employment, Plaintiff worked in excess of ninety-seven (97) hours per week. At all times material hereto, Defendant was on notice of and/or had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of ninety-seven (97) in a given work week.

8. Defendant failed to compensate Plaintiff at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of ninety-seven (97) within a single work week, as proscribed by the laws of the United States and the State of Florida.

9. Specifically, Plaintiff performed an average of fifty-seven (57) hours of overtime each week for Defendant.

10. Jose Sosa would often work from seven (7) AM until nine (9) AM loading and unloading trucks.

11. Plaintiff noticed his checks were always missing funds and would continually complain to manager Jeff Levine about the missing overtime hourly pay from his paychecks.

Composite Exhibit A

12. Upon Plaintiff's final complaint, Plaintiff approached his supervisor directly again. Plaintiff's supervisor responded by telling Plaintiff "It is what it is!" and began retaliating against the Plaintiff by giving him write ups and suspensions.

13. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against*
### GTI INDUSTRIES, INC.

14. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 13 of this Complaint as if set out in full herein.

15. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

16. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

17. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

18. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

20. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

22. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of ninety-seven (97) per workweek as provided in the FLSA.

23. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

Composite Exhibit A

24. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of ninety-seven (97) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
#### FLSA Retaliation Violation Against
#### GTI INDUSTRY

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this Complaint as if set out in full herein.

26. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has

Composite Exhibit A

testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

27.    Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

28.    The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

29.    The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.    Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.    Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.    Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

Composite Exhibit A

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated ___3-9-20___

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Composite Exhibit A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JOSE ANTONIO JR SOSA,

     Plaintiff,

vs.

     Case No.: 2020-005568-CA-01

A Florida Profit Corporation
GTI INDUSTRIES, INC.

     Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** GTI INDUSTRIES, INC., through its registered agent:

     ZUCKERMAN, STEPHEN
     3303 NW 112TH STREET
     MIAMI, FL 33167

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

     JASON S. REMER, ESQUIRE
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                DATE

_____
(BY) DEPUTY CLERK

Composite Exhibit A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JOSE ANTONIO JR SOSA,

     Plaintiff,

vs.

          Case No.: 2020-005568-CA-01

A Florida Profit Corporation
GTI INDUSTRIES, INC.

     Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** GTI INDUSTRIES, INC., through its registered agent:

     ZUCKERMAN, STEPHEN
     3303 NW 112TH STREET
     MIAMI, FL 33167

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

     JASON S. REMER, ESQUIRE
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

       3/24/2020

_____
CLERK                       DATE

_____
(BY) DEPUTY CLERK

Composite Exhibit A

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

JOSE ANTONIO JR SOSA,

     Plaintiff,

vs.

GTI INDUSTRIES, INC.,

     Defendant.

_____

### **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**

Defendant, GTI INDUSTRIES, INC., pursuant to 28 U.S.C. § 1446(d), hereby files this Notice of Filing Notice of Removal.  Defendant removed the above-captioned matter from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.  A copy of the Notice of Removal is attached as Exhibit 1.

**[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]**

Composite Exhibit A

Dated this 30th day of April 2020.          Respectfully submitted,

                                   By:  s/Patrick G. DeBlasio, III
                                        Patrick G. DeBlasio, III
                                        Florida Bar No.: 0871737
                                        E-mail: pdeblasio@littler.com
                                        Alexandra Mangas
                                        Florida Bar No.: 106874
                                        E-mail: amangas@littler.com
                                        LITTLER MENDELSON, P.C.
                                        Wells Fargo Center
                                        333 SE 2nd Avenue, Suite 2700
                                        Miami, FL  33131
                                        Telephone:   305.400.7500
                                        Facsimile:   305.675.8497

                                        Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of April 2020, I electronically filed the foregoing with the Clerk of the Court by using the E-File system and a correct copy of the foregoing has been furnished via E-mail to:

Jason S. Remer, Esq.
Florida Bar No.: 165580
E-mail: jremer@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
14 West Flagler Street, Suite 2200
Miami, FL 33130
Tel. 305.416.5000
Fax 305.416.5005

                                   /s/ Patrick G. DeBlasio, III
                                   Patrick G. DeBlasio, III

4825-1880-4410.1

Composite Exhibit A                                   2